IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>$25,180.00 IN UNITED STATES CURRENCY,<br><br>　　　　　　Defendant. | Civil No. 4:13CV3103<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *In Rem*

2. The Defendant property consists of $25,180.00 in United States currency seized from John Anderson on December 14, 2012, at approximately Mile Marker 375 on westbound Interstate 80 in Seward County, Nebraska. It is presently in the custody of the U.S. Customs and Border Protection at Minneapolis, Minnesota.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On December 14, 2012, Dave Frye, Seward County Sheriff's Office Deputy, conducted a traffic stop on John Anderson as he was traveling westbound on Interstate 80 in Seward County, Nebraska. Deputy Frye conducted the traffic stop for a turn signal violation near Mile Marker 375. Deputy Frye approached the vehicle on the passenger side and made contact through an open window. The driver and only occupant was identified as John Anderson. Deputy Frye advised Mr. Anderson the reason for the stop. He asked Mr. Anderson to come back to the patrol unit where he issued a warning.

8. Deputy Frye conversed with Mr. Anderson while completing the warning and looking over Mr. Anderson's documentation. Mr. Anderson stated he was returning home to California after visiting family in Sioux Falls, South Dakota, for a week and a half.

Mr. Anderson said he was self-employed; he owned a debt settlement company where he helped people get out of debt. Mr. Anderson stated he had purchased the vehicle he was driving, a BMW X5, about a month prior. Mr. Anderson said while in Sioux Falls, he had helped his father work on his home and visited his grandmother who had fallen ill. He stayed with family while was in Sioux Falls and not at any hotels. Mr. Anderson said he did not know for sure what he going to do about his return trip.

9. Deputy Frye returned to the vehicle in order to compare the VIN on file with the VIN on the vehicle itself. Deputy Frye then returned to the patrol car and began issuing the warning ticket to Mr. Anderson.

10. Throughout the course of the traffic stop, based upon his training and experience, Deputy Frye became suspicious Mr. Anderson was involved in criminal activity. Deputy Frye observed an air freshener placed in the vent in front of the passenger seat and detected a strong odor of air freshener emitting from within the vehicle. Deputy Frye observed a radar detector which was strategically hidden behind the front passenger seat. Deputy Frye was advised by dispatch that Mr. Anderson had a positive criminal history. Mr. Anderson stated he was unsure of where his travels would take him just hours away from the time of the traffic stop; this was not realistic or consistent with the average motoring public. Mr. Anderson purchased the vehicle one month prior, though its registration was issued four days prior to the traffic stop. During the traffic stop, a Nebraska State Patrol trooper informed Deputy Frye the trooper saw the same vehicle traveling eastbound on Interstate 80 the previous day. Mr. Anderson was traveling between major source and major destination city areas for large amounts of contraband.

11. Deputy Frye asked Mr. Anderson if he would be willing to speak with him further. Mr. Anderson agreed. Deputy Frye requested consent to search the vehicle. Mr. Anderson denied consent. Deputy Frye then detained Mr. Anderson and requested a drug detector canine come to the location of the stop.

12. Sgt. Mike Vance, with the Seward County Sheriff's Office, arrived with his drug detector canine. Sgt. Vance deployed the dog around Mr. Anderson's vehicle. The dog gave a positive indication to the odor of narcotics emitting from the vehicle. During the ensuing vehicle search, deputies found three rubber-banded bundles of cash underneath some clothing in a suitcase in the backseat. The cash totaled $23,180.00; it is the Defendant property in this case.

13. Deputy Frye placed Mr. Anderson in handcuffs and advised him of his *Miranda* rights. Mr. Anderson said the money was not his; it was illegal gambling proceeds he was transporting for another person. Mr. Anderson said he used to gamble. He owed the person for whom he was transporting the Defendant property $5,000.00. This trip would cancel that debt. Mr. Anderson signed an abandonment form and was released with his vehicle.

**Claim for Relief**

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By: _____
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

## VERIFICATION

STATE OF NEBRASKA  )
                   ) ss.
COUNTY OF DOUGLAS  )

    Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

_____
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 23rd day of May, 2013.

JUDY K. MURCEK
General Notary
State of Nebraska
My Commission Expires Jul 15, 2013

_____
Notary Public

5

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Lincoln, Nebraska, and that it be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney