IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>$25,180.00 IN UNITED STATES CURRENCY,<br><br>                    Defendant. | 4:13-CV-3103<br><br>ORDER |

  This matter is before the Court on the motion for summary judgment (filing 23) of the claimant, John Anderson; the Magistrate Judge's Findings, Recommendation, and Order (filing 56) recommending that the motion be denied; and the claimant's Statement of Objections to Magistrate Judge's Findings, Recommendation, and Order (filing 67). The Court will overrule the objection, adopt the findings and recommendation, and deny the motion for summary judgment.

  Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* And this Court conducts a *de novo* review of any part of the Magistrate Judge's findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

  The claimant first contends that the Magistrate Judge erred in not recommending that the Court grant summary judgment because, according to the claimant, the evidence is insufficient as a matter of law to show that the property is substantially connected to drug trafficking. *See,* 21 U.S.C. §

881(a)(6); *United States v. $124,700*, 458 F.3d 822, 825 (8th Cir. 2006). The claimant offers several arguments that he says undercut the weight of the government's evidence: that his untruthful statements to law enforcement are insufficient absent evidence of a specific drug transaction; that the drug detection dog's "alert" was of little probative value; that the amount of currency found in this case does not particularly suggest drug trafficking; and that items usually involved with drug trafficking were not found in this case. Filing 67 at 6-14.

The claimant relies heavily on the Eighth Circuit's recent decision in *United States v. $48,100*, 756 F.3d 650 (8th Cir. 2014), in which the Court of Appeals reversed the Magistrate Judge's order of forfeiture for insufficient evidence. The Court agrees that the Eighth Circuit's decision provides guidance pertinent to this case. But there is more evidence in this case to support the government's position than was present in *$48,100*. In particular, in this case, the claimant had initially denied possessing a large amount of cash. Filing 53 at 40. The claimant's subsequent explanation for his possession of the property may have carried more weight had it been stated in the first place.

And, as the Magistrate Judge noted, there are also substantial reasons to question the claimant's account of when, where, and why he was traveling. Filing 56 at 9-10. The claimant's explanation for why he wasn't completely truthful with law enforcement, and the source and purpose of the money he concealed, may (or may not) prove persuasive—but those explanations will have to be weighed by the trier of fact. When all the evidence is considered, there is enough—if taken in the light most favorable to the government—to support a government verdict. *Compare, e.g.*, *$124,700*, 458 F.3d 822; *United States v. $117,920*, 413 F.3d 826 (8th Cir. 2005).

The claimant also contends that the Court should have suppressed the search of his vehicle, based on the same arguments about the weight and persuasiveness of the evidence. Filing 67 at 16. And the claimant asserts in particular that the drug detection dog's "alert" to the vehicle was unpersuasive. Filing 67 at 16-17. The claimant points out that a dog's manifestation of "interest," short of a positive alert, does not establish probable cause for a search. *United States v. Heir*, 107 F. Supp. 2d 1088, 1096 (D. Neb. 2000) (citing *United States v. Jacobs*, 986 F.2d 1231 (8th Cir. 1993)). According to the claimant, the video recording of the sniff shows that the dog's activity was ambiguous. Filing 67 at 16-17.

But the Court is not particularly equipped to interpret the dog's behavior, and the only evidence in the record to assist the Court is the testimony of the dog's handler. And that officer testified at length about his dog's training, standard procedures, and the particulars of his sniff of the

claimant's vehicle. Filing 54 at 125-82; filing 55 at 198-225. The officer testified that what was seen on the video recording was the dog clearly making a positive indication on the door of the claimant's vehicle. Filing 54 at 167-68. This correlates with the Court's own observation—the dog clearly gets very excited about something. *Compare Heir*, 107 F. Supp. 2d at 1096. The claimant also argues that the dog may have been responding to a cue from the officer. Filing 67 at 16-17. But there is no *evidence* to that effect. *Compare Heir*, 107 F. Supp. 2d at 1096 (defendant's expert witnesses interpreted dog's interest as being cued by handler). Simply put, there is nothing in the record at this point to contradict the handling officer's testimony that his dog positively alerted.

In sum, the Court finds that while there is some weight to the claimant's argument and evidence, there remain genuine issues of material fact that must be resolved by a trier of fact. Therefore, the Court will adopt the Magistrate Judge's findings and recommendation, overrule the claimant's objection, and deny the claimant's motion for summary judgment.

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation, and Order (filing 56) are adopted.

2. The claimant's Statement of Objections to Magistrate Judge's Findings, Recommendation, and Order (filing 67) is overruled.

3. The claimant's motion for summary judgment (filing 23) is denied.

4. The parties are instructed, pursuant to the Magistrate Judge's order of August 5, 2014 (filing 66) to contact the Magistrate Judge's chambers on or before October 6, 2014, to discuss final case progression deadlines.

Dated this 24th day of September, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge