IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>$25,180.00 IN UNITED STATES CURRENCY,<br><br>                Defendant. | 4:13-CV-3103<br><br>ORDER |

      This matter is before the Court on the claimant's Amended Motion to Retain Expert Witness Using Federal Practice Fund (filing 74). For the reasons explained below, the Court will grant the claimant's motion.

      The Amended Federal Practice Fund Plan and the Federal Practice Committee Plan (as adopted March 11, 2014) provides that when seeking prior authorization to incur expenses, counsel "must set forth the purposes for incurring the expenses, the estimated cost, the applicant's efforts to keep the cost as low as possible, and the applicant's efforts to obtain funds from other sources to pay the expenses." *Id.* at 6. And the Court, when approving an application for authorization to incur expenses, is required to file an authorization order "stating the maximum amount approved." Federal Practice Fund Plan, at 6.

      The Court finds that the claimant's purposes for incurring the expenses are appropriate. The Court notes, however, that the parties do not seem to be entirely on the same page with respect to what those purposes are. In order to be clear about the scope of its order, and its intentions going forward, the Court will explain what it understands to be the basis for the claimant's motion, and its own basis for granting the motion.

      The claimant proposes to retain an expert qualified to opine on the behavior of the drug detection dog that was deployed on the claimant's vehicle in this case. Such evidence would arguably be relevant to two issues in the case: the validity of the search of the claimant's vehicle, and the merits of the government's case.

      Because forfeiture proceedings are quasi-criminal in nature, the exclusionary rule applies barring evidence obtained in violation of the Fourth Amendment. *United States v. $45,000*, 749 F.3d 709, 714 (8th Cir. 2014). The Court has already considered whether the search should be suppressed. *See*

filing 68. But in responding to the present motion, the government said it would "not oppose" the claimant's "expected and concomitant request to re-open his rest (at the summary judgment/suppression hearing) in order to put on such evidence." Filing 77 at 2.

Perhaps the government is willing to reopen the Court's previous determination, but that doesn't mean the Court is. It is unlikely that the claimant's expert would undermine the Court's probable cause ruling. *See United States v. Winters*, 600 F.3d 963, 969 (8th Cir. 2010). The claimant may, nonetheless, move to reopen the record and ask the Court to reconsider its previous ruling. *See United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008). The Court cannot definitively assess the merits of such a request without knowing on what evidence it would be based. But absent a compelling showing, the Court is not inclined to revisit its pretrial ruling.[1]

The Court's decision to grant the defendant's motion is, rather, based on the other issue to which the dog sniff evidence may be relevant: the merits of the government's case. In a forfeiture case under 21 U.S.C. § 881(a)(6), the government bears the burden of proving that the property is substantially connected to drug trafficking. *See*, *United States v. $48,100*, 756 F.3d 650, 653 (8th Cir. 2014); *United States v. $84,615*, 379 F.3d 496, 501 (8th Cir. 2004). Circumstantial evidence can be used by the government to establish its burden of proof. *$84,615*, 379 F.3d at 501. And a drug dog's alert can be used as such circumstantial evidence. *See id.*; *see also United States v. $117,920*, 413 F.3d 826, 829 (8th Cir. 2005).

The Court assumes—as does the claimant—that the government will rely on evidence of the dog sniff of the claimant's vehicle to meet its burden of proof at trial. Accordingly, it is appropriate to provide the claimant with an opportunity to meaningfully contest that testimony with evidence of his own. On that basis, the Court will grant the claimant's motion to retain an expert witness for the purposes described in his motion and supporting brief.

IT IS ORDERED:

1. The claimant's Amended Motion to Retain Expert Witness Using Federal Practice Fund (filing 74) is granted.

---

[1] Of course, that would not preclude the claimant from reasserting his Fourth Amendment argument at trial based on the developed record. *See United States v. Quintanilla*, 25 F.3d 694, 698 (8th Cir. 1994).

2. Claimant's counsel is authorized to incur expenses related to the retention of an expert witness, not to exceed $4,000 absent further permission from the Court.

Dated this 1st day of December, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -